Craig Solomon Ganz (Bar No. 023650)
Michael S. Myers (Bar No. 29978)
BALLARD SPAHR LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
ganzc@ballardspahr.com
myersm@ballardspahr.com
Telephone: 424.204.4400
Facsimile: 424.204.4350

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cygnus Education, Inc., a Pennsylvania corporation,<br><br>Plaintiff,<br><br>v.<br><br>Zovio Inc, a Delaware corporation,<br><br>Defendant. | Case No. '23CV0062 W    KSC<br><br>**COMPLAINT** |

Plaintiff Cygnus Education, Inc. ("Cygnus" or "Plaintiff"), for its Complaint against Zovio Inc ("Zovio" or "Defendant"), hereby alleges as follows:

**THE PARTIES JURISDICTION AND VENUE**

1. Cygnus is a Pennsylvania corporation with its principal place of business in Conshohocken, Pennsylvania. Cygnus is therefore a citizen of the state of Pennsylvania.

2. Zovio is a Delaware corporation with its principal place of business in Chandler, Arizona. Zovio is therefore a citizen of the states of Delaware and Arizona.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity, and because the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant because Defendant consented to the jurisdiction of the state and federal courts in San Diego, California.

///

5. Venue is proper in this Court because Defendant consented to venue in the state and federal courts in San Diego, California.

## GENERAL ALLEGATIONS

6. Cygnus is in the business of providing marketing and lead generation services to education institutions. Cygnus is a leader in performance marketing and enrollment management services for higher education institutions.

7. Cygnus and Zovio are parties to a Master Services Agreement – Lead Generation dated June 25, 2019 (the "MSA") and a First Amendment to the Master Services Agreement – Lead Generation dated November 11 2020 (the "Amendment", and collectively, with the MSA, the "Agreement").

8. Section 27 of the MSA provides that the parties consent to jurisdiction and venue in the state and federal courts situated in San Diego, California.

9. Zovio ordered numerous Services (as defined in the MSA) from Cygnus pursuant the Agreement.

10. Pursuant to the Agreement and certain Insertion Orders (as defined in MSA), Cygnus delivered the Services to Zovio.

11. Following its delivery of Services, Cygnus issued invoices (the "Invoices") for the payment of the Services.

12. Zovio did not dispute any Invoice within forty five (45) days of receipt of any Invoice, as required by the MSA. See MSA, Exhibit A, Section 4(p).

13. As such, Cygnus expected Zovio to pay for the Services.

14. Zovio has failed to pay all amounts due and owing for the Services.

15. Zovio currently owes no less than $482,073.000 for Services provided by Cygnus.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

16. Plaintiff repeats and realleges the foregoing allegations as though fully stated herein.

17. The Agreement, including all amendments thereto, is a valid, binding, and enforceable agreement between Cygnus and Zovio whereby Zovio agreed to fulfill its obligations, including, without limitation, payment for the Services.

18. Cygnus satisfactorily performed its obligations under the Agreement.

19. Zovio materially breached the Agreement by failing to pay for the Services.

20. As a reasonable and foreseeable consequence of Zovio's breach of the Agreement, Cygnus has been damaged in an amount to be proven at trial, plus interest and reasonable attorneys' fees and costs incurred by Cygnus in the enforcement of its rights under the Agreement.

**SECOND CLAIM FOR RELIEF**
**(Breach of the Covenant of Good Faith and Fair Dealing)**

21. Plaintiff repeats and realleges the foregoing allegations as though fully stated herein.

22. The Agreement includes a covenant of good faith and fair dealing.

23. Zovio has materially breached the covenant of good faith and fair dealing by acting to prevent Cygnus from receiving the benefit of the bargain by, among other things, failing to pay for the Services.

24. As a direct and proximate cause of Zovio's breach of the Agreement, Cygnus has been damaged in amount to be determined at trial, plus interest and reasonable attorneys' fees and costs incurred by Cygnus in the enforcement of its rights under the Agreement.

**THIRD CLAIM FOR RELIEF**
**(Unjust Enrichment – In the Alternative)**

25. Plaintiff repeats and realleges the foregoing allegations as though fully stated herein.

26. Cygnus entered into the Agreement with the reasonable expectation of payment from Zovio.

27. Zovio knowingly accepted and retained the benefits conferred by Cygnus, including the Services, thereby enriching Zovio.

28. Cygnus was impoverished by Zovio's knowing acceptance and retention of the benefits conferred upon Cygnus.

29. It would contravene equity and good conscience to permit Zovio to retain the benefits of the Services.

30. Cygnus is entitled to compensation from Zovio for the value of the benefit that Cygnus conferred on Zovio to be proven at trial, plus interest and reasonable attorneys' fees and costs incurred by Cygnus to the extent recoverable under applicable law.

**FOURTH CLAIM FOR RELIEF**
**(Promissory Estoppel – In the Alternative)**

31. Plaintiff repeats and realleges the foregoing allegations as though fully stated herein.

32. Zovio made promises to pay the amounts due under the Invoices.

33. It was reasonably foreseeable to Zovio that Cygnus would rely on these promises.

34. Cygnus justifiably and reasonably relied on these promises as evidenced by, among other things, delivering the Services to Zovio.

35. Cygnus incurred loss or suffered detriment as a result of such reliance, and injustice can be avoided only by enforcement of Zovio's promises.

36. As a direct and proximate result of Zovio's conduct, Cygnus suffered damages in an amount to be proven at trial, plus interest and reasonable attorneys' fees and costs incurred by Cygnus to the extent recoverable under applicable law.

/ / /

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment in its favor and against Defendant on the claims asserted herein, and that the Court enter the following relief:

A. With respect to the First Claim for Relief (Breach of Contract), Plaintiff Cygnus requests that judgment be entered in its favor and against Defendant Zovio awarding damages in an amount to be proven at trial, together with interest through the date of judgment, late fees, pre- and post-judgment interest, attorneys' fees and other costs of bringing this action as provided for under the Agreement;

B. With respect to the Second Claim for Relief (Breach of the Covenant of Good Faith and Fair Dealing), Plaintiff Cygnus requests that judgment be entered in its favor and against Defendant Zovio awarding damages in an amount to be proven at trial, plus pre- and post-judgment interest, attorneys' fees and other costs of bringing this action as provided for under the Agreement;

C. With respect to the Third Claim for Relief (Unjust Enrichment), Plaintiff Cygnus requests that judgment be entered in its favor and against Defendant Zovio awarding damages in an amount to be proven at trial, plus pre- and post-judgment interest, attorneys' fees and other costs of bringing this action to the extent recoverable under applicable law;

D. With respect to the Fourth Claim for Relief (Promissory Estoppel), Plaintiff Cygnus requests that judgment be entered in its favor and against Defendant Zovio awarding damages in an amount to be proven at trial, plus pre- and post-judgment interest, attorneys' fees and other costs of bringing this action to the extent recoverable under applicable law; and

D. Awarding to Plaintiff such other, further and different relief as the Court may deem just and equitable.

RESPECTFULLY SUBMITTED this 12th day of January, 2023.

BALLARD SPAHR LLP

By: */s/ Michael S. Myers*
    Craig Solomon Ganz
    Michael S. Myers
    2029 Century Park East, Suite 1400
    Los Angeles, CA 90067-2915
    ganzc@ballardspahr.com
    myersm@ballardspahr.com
    Telephone: 424.204.4400
    Facsimile: 424.204.4350

*Attorneys for Plaintiff*